**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Quanta Indemnity Company, a Colorado corporation,<br><br>              Plaintiff,<br><br>vs.<br><br>North American Specialty Insurance Company, a New Hampshire corporation; et al,<br><br>              Defendants. | No. CV-11-1807-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff Quanta Indemnity Company and Defendant General Fidelity Insurance Company's Joint Motion for Voluntary Dismissal Without Prejudice of Coverage Claims re: *Gribble* and *Banovac* (Doc. 103). The Court now rules on the Motion.

**I.      BACKGROUND**

On December 7, 2011, Plaintiff Quanta Indemnity Company ("Quanta") filed an Amended Complaint in this declaratory judgment action against North American Specialty Insurance Company ("NAS"), General Fidelity Insurance Company ("GFIC"), Amberwood Development, Inc., Amberwood Homes, L.L.C., Roll Tide Limited Liability Partnership, Summerset Marketing Enterprises, Inc., and Winston Casas, L.L.C. (Doc. 15).

In the Amended Complaint, Quanta alleges that it issued an insurance policy to

Defendants Amberwood Development, Summerset, and Winston Casas for a policy period of March 15, 2005 to March 15, 2006. (*Id.* at ¶ 10). Quanta further alleges that NAS issued two commercial general liability policies to Amberwood Development with effective policy dates of March 15, 2003 to March 15, 2004 and March 15, 2004 to March 15, 2005. (*Id.* at ¶ 17). Quanta further alleges that GFIC issued a commercial general liability policy to Amberwood Development with effective policy dates of March 15, 2006 to March 15, 2007. (*Id.* at ¶ 18).

Quanta further alleges that several lawsuits were filed against its insureds in Maricopa County Superior Court alleging various claims based on, among other things, its insureds' alleged defective construction of various residential homes. In its Amended Complaint, Quanta seeks declaratory relief relating to the coverage and indemnity responsibilities of Quanta, NAS, and GFIC relating to the following state court lawsuits: *Lawrey, et al. v. Summerset Marketing, et al.* ("Lawrey"), *Tritschler et al. v. Amberwood Development, Inc.* ("Tritschler"), *Wohlgemuth v. Amberwood Development* ("Wohlgemuth"), and *Banovac v. Amberwood Development* ("Banovac"). (*Id.* at 11-12).

Defendant GFIC filed cross-claims and counterclaims seeking declaratory relief regarding the Lawrey, Tritschler, Wohlgemuth, and Banovac lawsuits. (Doc. 26). Defendant NAS likewise filed counterclaims and cross-claims seeking declaratory relief regarding the Tritschler, Lawrey, and Wohlgemuth lawsuits. Defendant NAS also filed counterclaims and cross-claims seeking declaratory relief relating to other state court lawsuits filed against the insureds, namely *Gribble v. Amberwood Development, Inc.* ("Gribble"), and *Yu v. Amberwood Development, Inc.* ("Yu"). (Doc. 37).

The Tritschler, Wohlgemuth, Lawrey, and Yu state court lawsuits have settled. The Banovac and Gribble lawsuits are still pending in Maricopa County Superior Court. (Doc. 103 and Doc. 111).

Plaintiff Quanta and Defendant GFIC ("Movants") seek dismissal without prejudice of the claims in this case regarding the Banovac and Gribble lawsuits. Movants argue that dismissal without prejudice is appropriate because allowing discovery concerning the

Banovac and Gribble claims could prejudice the insureds in defending state court lawsuits regarding liability. Movants argue that the Court should allow voluntary dismissal of claims relating to the Banovac lawsuit pursuant to Federal Rule of Civil Procedure 41(a)(2). Movants further argue that the Court should allow "involuntarily" dismissal of claims relating to the Gribble lawsuit.

## II.  ANALYSIS

### A.  Voluntary Dismissal of Claims relating to Banovac

"Federal Rule of Civil Procedure 41(a)(2) allows a plaintiff, pursuant to an order of the court, and subject to any terms and conditions the court deems proper, to dismiss an action without prejudice at any time." *Westlands Water District v. U.S.*, 100 F.3d 94, 96 (9th Cir. 1996) (internal citation omitted). A court "should grant a motion for voluntary dismissal . . . unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). Legal prejudice is "prejudice to some legal interest, some legal claim, some legal argument. Uncertainty because a dispute remains unresolved is not legal prejudice." *Westlands*, 100 F.3d at 97. The "threat of future litigation which causes uncertainty is [also] insufficient to establish plain legal prejudice." *Id.* at 96.

Here, Movants have asked this Court to grant voluntary dismissal without prejudice of their claims involving the Banovac underlying lawsuit. Movants argue that dismissal of those claims is necessary until the Banovac lawsuit is resolved in state court because allowing this case to proceed on issues related to the state court lawsuit has a "huge potential to prejudice the insured's interests because of the overlapping factual issues that are unresolved in those actions." (Doc. 103 at 3). In response, NAS argues that dismissal of the Banovac claim would "needlessly delay the resolution of this dispute, require piecemeal litigation, and force NAS to continue to be the sole insurer funding Amberwood's defense." (Doc. 111, 10:18-20). The Court finds delayed resolution of claims relating to the Banovac matter and delay to NAS in obtaining contribution for Amberwood's defense in the underlying action do not rise to the level of "plain legal prejudice." In this case, the Court will likely resolve issues common to all of the underlying state court lawsuits. To the extent

1 any claims are related only to certain underlying state court lawsuits, there is nothing
2 inherently prejudicial in allowing separate litigations regarding those claims. Moreover,
3 Movant's concern that proceeding with the declaratory relief claims could prejudice the
4 insured in the underlying action is a sufficient justification for seeking voluntarily dismissal
5 of those claims and Defendant has not shown that it will suffer plain legal prejudice as a
6 result of the dismissal of those claims. Accordingly, Movants' motion for voluntary
7 dismissal is granted as to the Banovac claims.

### B. "Involuntary Dismissal" of the Gribble Claims

Movants also seek an order "involuntarily dismissing" NAS's counterclaims and cross-claims regarding the Gribble lawsuit. Movants have failed to cite to any authority giving this Court the power to "involuntarily" dismiss NAS's counterclaims and cross-claims relating to the Gribble lawsuit.

Federal Rule of Civil Procedure 41(b) governs involuntary dismissal. Rule 41(b) states, "[i]f the Plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Rule 41(b) is inapplicable here as NAS has not failed to prosecute its counterclaims and cross-claims and has not failed to comply with the Federal Rules of Civil Procedure or a court order.

While the Court is sympathetic to Movant's position that the insured will be prejudiced if the Court does not dismiss the counterclaims and cross-claims relating to the underlying lawsuit without prejudice, the Parties have failed to cite to any authority that would allow the Court to dismiss NAS's claims over NAS's objections. Further, such a ruling could implicate statute of limitations issues. Accordingly, the Motion for "involuntary dismissal" is denied as to the Gribble claims.

### III. CONCLUSION

Because Movants have not obtained the full relief they sought in their Motion for Voluntary Dismissal, the Court recognizes that they may not want the partial relief the Court

- 4 -

has granted in this Order. Accordingly, Movants will be given an opportunity to inform the Court whether they still request voluntary dismissal of the Banovac claims.

For the foregoing reasons,

**IT IS ORDERED** that Quanta Indemnity Company and Defendant General Fidelity Insurance Company's Joint Motion for Voluntary Dismissal Without Prejudice of Coverage Claims re: *Gribble* and *Banovac* (Doc. 103) is granted in part and denied in part as set forth herein.

**IT IS FURTHER ORDERED** that, within 10 days of the date of this Order, Movants shall file a Notice with the Court indicating whether they still seek dismissal of the Banovac claims. If Movants do not file a Notice within 10 days of the date of this Order, the claims relating to *Banovac v. Amberwood Development* will be dismissed from this case without prejudice without further notice.

DATED this 20th day of June, 2013.

James A. Teilborg
Senior United States District Judge