**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Quanta Indemnity Company, | No. CV 11-1807-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| North American Specialty Insurance Company; General Fidelity Insurance Company; Amberwood Development Inc.; Amberwood Homes LLC; Roll Tide LLP; Summerset Marketing Enterprises Inc.; Winston Casas LLC, | |
| Defendants. | |

Pending before the Court are a motion to seal and a motion for protective order. The motion fails to meet the Ninth Circuit's strict requirements for filing under seal and will be denied. As this Court has previously articulated,

> A party seeking to seal a document attached to a dispositive motion must overcome a "strong presumption in favor of access" and meet a "compelling reasons" standard. *Kamakana v. City & Cty. of Honolulu,* 447 F.3d 1172, 1178–79 (9th Cir.2006). That is, "the party must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id*. (citations and punctuation omitted). It is then a court's duty to balance the competing interests of the public and the party seeking to seal the record. *Id*. at 1179. If a court decides to grant the motion to seal, it must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id*. (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir.1995)).
> 
> Compelling reasons to seal a judicial record typically will exist when such court files might become "a vehicle for improper purposes, such as the use of

> records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citation omitted).

*Aviva USA Corp. v. Vazirani* 902 F.Supp.2d 1246, 1273 (D. Ariz. 2012).

In summary, generalized statements supporting sealing are inadequate; a party must articulate specific facts to justify sealing, and must do so with respect to each item sought to be sealed. *Kamakana*, 447 F.3d at 1183-84. The motion to seal in this case, which makes a blanket assertion of attorney client privilege, fails to meet the showing required to file a dispositive motion in its entirety under seal. By way of example, the motion at page 4, lines 7 through 24, is solely a discussion of law; the Court cannot envision how an argument on the governing law could qualify for sealing under the test required in *Kamakana*. Accordingly, the motion to seal will be denied.

Further, in the request for a protective order, the parties state the following:

> While the parties agree that there is no evidence that any pleadings filed with the Court at this stage would constitute a breach of confidentiality or attorney-client privilege, out of an abundance of caution, the parties hereby agree to request that the Court place under seal the Motions for Summary Judgment and Statements of Fact which have been filed in this matter.

Doc. 154, n. 2. This assertion is even more deficient than the blanket claim of attorney client privilege in the motion. *See e.g., In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1120-21 (9th Cir. 2012) (remanding to the district court to unseal the records because the parties did not meet the compelling reasons test). Accordingly, the Court will deny this request for retroactive sealing.

Additionally, the Court will deny, without prejudice, the parties' stipulated-to protective order. If the parties choose to re-file the proposed protective order, they shall submit a proposed form of Order to the chambers' email address. Further, the sole basis for the protective order appears to be attorney-client privilege. If the parties re-file the proposed protective order, the parties must address whether, by disclosure in this case, the claimed attorney-client privilege has already been waived.

- 2 -

Based on the foregoing,

**IT IS ORDERED** that the motion to seal (Doc. 148) is denied. The Documents Lodged at Docs. 149 and 150 are stricken, but may remain under seal. General Fidelity shall file a response to the motion for summary judgment and controverting statement of facts by November 1, 2013. As indicated above, General Fidelity may not file both documents in their entirety under seal. If General Fidelity believes it can make the particularized showing required by *Kamakana* to file a particular exhibit or a particular fact in the response under seal, General Fidelity may move to file solely those items under seal. If General Fidelity so moves, it shall simultaneously file a redacted, unsealed version of both documents.[1]

**IT IS FURTHER ORDERED** that the stipulated protective order (Doc. 154) is denied, without prejudice.

DATED this 23rd day of October, 2013.

James A. Teilborg
Senior United States District Judge

---

[1] These same requirements apply to any other to-be-filed responses and replies, should any party seek to file under seal.

- 3 -